IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAYSON EBLACAS, #A5021275,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HONOLULU POLICE DEPARTMENT, *et al.*,<br><br>　　　　Defendants. | CIVIL NO. 21-00508 DKW-KJM<br><br>ORDER DISMISSING COMPLAINT AND ACTION |

　　Before the Court is pro se Plaintiff Dayson Eblacas' ("Eblacas") Prisoner Civil Rights Complaint ("Complaint") brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Eblacas alleges that Defendants Honolulu Police Department ("HPD") and HPD Officer Gerald Agbulos violated his civil rights when Officer Agbulos allegedly used excessive force while arresting Eblacas on December 1, 2016. *Id.* at 9. The Complaint is DISMISSED with prejudice because it is duplicative of Eblacas' claims in *Eblacas v. Agbulos*, Civ. No. 18-00376 DKW-RLP (D. Haw.). If Eblacas wants his remaining claim in Civ. No. 18-00376 to proceed, he must comply with the instructions set forth in the Court's November 28, 2018 Order Dismissing Complaint in Part and Staying Action.

## I. **STATUTORY SCREENING**

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is

appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. <u>BACKGROUND</u>[1]

On September 26, 2018, Eblacas signed a prisoner civil rights complaint in *Eblacas v. Agbulos*, Civ. No. 18-00376 DKW-RLP (D. Haw.). The Court dismissed that complaint, and Eblacas filed an amended pleading. First Am. Compl., *Eblacas*, Civ. No. 18-00376 DKW-RLP (D. Haw. Nov. 9, 2018), ECF No. 6. In his amended pleading, Eblacas alleged that the HPD and Officer Agbulos, in both his official and individual capacities, violated his civil rights when Agbulos allegedly used excessive force while arresting Eblacas on December 1, 2016. *Id.* at 1–2, 7.

On November 28, 2018, the Court issued an Order Dismissing Complaint in Part and Staying Action. Order Dismissing Compl. in Part & Staying Action, *Eblacas*, Civ. No. 18-00376 DKW-RLP (D. Haw. Nov. 28, 2018), ECF No. 7. The Court began by dismissing Eblacas' claims against the HPD and those against Officer Agbulos in his official capacity. *Id.* at 5–6. The Court next decided that although Eblacas had stated a Fourth Amendment claim against Officer Agbulos in his individual capacity, *id.* at 4–5, the Court had to abstain from adjudicating that

---

[1] Eblacas' factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 72 F.3d 903, 908 (9th Cir. 2014).

claim because the criminal proceedings against Eblacas were ongoing. *Id.* at 7–9. The Court therefore stayed Eblacas' claim for excessive force against Officer Agbulos in his individual capacity. *Id.* at 10.

The Court instructed Eblacas to "report to the court within **thirty [30]** days after the conclusion of his criminal proceedings in *State v. Eblacas*, CR No. 16-1-001936, which includes the conclusion of direct review on appeal." *Id.* at 10. The Court also ordered Eblacas to notify it "of the outcome of his criminal proceeding and declare whether or not he intends to proceed with this action." *Id.* Since the Court filed its November 28, 2018 Order, Eblacas has not filed anything in Civ. No. 18-00376 DKW-RLP.

On December 21, 2021, Eblacas signed the Complaint in this action. ECF No. 1. In the Complaint, Eblacas again relies on his December 1, 2016 arrest to argue that the HPD and Officer Agbulos violated his civil rights. *Id.* at 9. Although he was required to do so, Eblacas did not disclose his previous lawsuit. *See id.* at 3. He also did not provide any of the other information required by the Court's November 28, 2018 Order.

### III. DISCUSSION

The Court may dismiss a complaint or individual claims when the complaint or claims are duplicative of claims in another case. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *see also Kroncke v. City of Phoenix*, 606 F. App'x 382, 384 (9th Cir. 2015) ("The district court did not err by dismissing [count] as frivolous because [plaintiff] had previously raised this claim in other actions.").

Eblacas' present claims -- that the HPD and Officer Agbulos violated his civil rights during his arrest on December 1, 2016 -- are duplicative of the claims set forth in Civ. No. 18-00376 DKW-RLP. The Complaint in this action is therefore DISMISSED with prejudice. *See Chavez v. Haw. Dep't of Pub. Safety*, Civ. No. 19-00565 DKW-RT, 2019 WL 5431310, at *2 (D. Haw. Oct. 23, 2019) (dismissing with prejudice duplicative claims).

If Eblacas wants his remaining claim in Civ. No. 18-00376 DKW-RLP to proceed, he must comply with the instructions set forth in the Court's November 28, 2018 Order Dismissing Complaint in Part and Staying Action. Specifically, he must "report to the court within **thirty [30]** days after the conclusion of his criminal proceedings in *State v. Eblacas*, CR No. 16-1-001936, which includes the conclusion of direct review on appeal. At that time, Eblacas SHALL NOTIFY the Court of the outcome of his criminal proceeding and declare whether or not he

intends to proceed with [Civ. No. 18-0037 DKW-RLP]." Order Dismissing Compl. In Part & Staying Action, *Eblacas*, Civ. No. 18-00376 DKW-RLP (D. Haw. Nov. 28, 2018), ECF No. 7 at 10.

## IV.  28 U.S.C. § 1915(g)

Eblacas is notified that this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V.  CONCLUSION

1. The Complaint in this action is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

2. If Eblacas wants his remaining claim in Civ. No. 18-00376 DKW-RLP to proceed, he must comply with the instructions set forth in the Court's November 28, 2018 Order Dismissing Complaint in Part and Staying Action.

3. The Clerk is DIRECTED to send Eblacas a copy of the November 28, 2018 Order Dismissing Complaint in Part and Staying action in Civ. No. 18-00376 DKW-RLP, enter final judgment in this case and close this file.

IT IS SO ORDERED.

DATED: February 9, 2022 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Eblacas v. Honolulu Police Department, et al.*; Civil No. 21-00508 DKW-KJM;
**ORDER DISMISSING COMPLAINT AND ACTION**